## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| BILLINGS COUNTY, a municipal entity, *et al.*, | ) |
| Plaintiffs, | ) Civ. No. A1-01-045 (lead case) |
| v. | ) |
| MIKE JOHANNS, in his official capacity as the Secretary of the Department of Agriculture, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| NATIONAL WILDLIFE FEDERATION, *et al.*, | ) |
| Defendant-Intervenors. | ) |
| STATE OF NORTH DAKOTA, | ) |
| Plaintiff, | ) |
| v. | ) |
| MIKE JOHANNS, Secretary, United States Department of Agriculture; *et al.*, | ) Civ. No. A1-01-087 (consolidated case) |
| Defendants, | ) |
| and | ) |
| NATIONAL WILDLIFE FEDERATION, *et al.*, | ) |
| Defendant-Intervenors. | ) |

### SETTLEMENT AGREEMENT

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the Plaintiffs and the Federal Defendants (collectively, "the settling parties"), by and through their undersigned counsel, hereby stipulate, agree and jointly ask the Court to dismiss the First Amended and Supplemental Complaint filed by Billings County, North Dakota, *et al.*, and the Complaint filed by the State of North Dakota under the following terms:

Page 1 of 7



1.      Plaintiffs, Billings, Golden Valley, McKenzie, and Slope Counties, and Friends of the National Grasslands ("the Counties") filed a lawsuit to challenge the Inventoried Roadless Area Conservation Rule ("Roadless Rule"), the Forest Development Transportation System final rule, and the Off-Highway Vehicle Decision ("OHV Decision"). The Counties alleged, *inter alia,* that the rules and the OHV Decision as applied to the North Dakota National Grasslands violate the objectives of the land acquisitions pursuant to which the National Grasslands were established, the Counties' respective rights to public roads, mineral royalties, and rights of travel along the North Dakota section lines, and that the rules were adopted in violation of the procedures required by the National Environmental Policy Act ("NEPA") and the Small Business Regulatory Enforcement Fairness Act of 1996 ("SBREFA").

2.      The State of North Dakota also challenged the Roadless Rule and the OHV Decision on the grounds, *inter alia*, that they violated NEPA and the North Dakota section line right-of-way law.

3.      The U.S. Department of Agriculture ("USDA") and the Counties and the State of North Dakota, have reached an agreement to settle the lawsuits under the terms set forth below.

4.      Upon receipt of documentation of errors in the classification of "inventoried roadless areas" provided by the Counties or the State of North Dakota within 90 days of an order by the Court dismissing the amended complaints, the USDA will reconsider the inventoried roadless area classifications for those areas depicted in dark green on the map dated November 29, 2004 (and attached hereto as Exhibit 1).

5.      USDA will promptly take appropriate agency action to remove or modify the "inventoried roadless area" classification where USDA acknowledges the section line easements. USDA will also review the DPG LRMP to determine whether any changes in land management direction or other aspects of the LRMP should be considered. If so, USDA will propose amendments to the DPG LRMP and/or take other appropriate agency action. USDA will also

seek modifications to site specific decisions, where appropriate, including, but not limited to, changes to road closure orders.

6. The parties shall undertake a road reconciliation process to document the establishment and ownership of public roads, public easements, and public rights-of-way. The process will include, at a minimum, the following steps:

a. Within 150 days of an order by the Court dismissing the Amended Complaints, the USDA will identify roads it has documented within the boundaries of the National Grassland units and provide its view of the ownership status of such roads. The USDA will also identify easements and rights-of-way for which it has records and its view of their ownership. If requested by the Counties, the USDA shall also make all records or information regarding these roads, easements or rights-of-way available for review and copying (reasonable copying costs to be paid by the Counties or with equipment and personnel provided by the Counties) at the offices of the DPG.

b. The Counties and the State of North Dakota will review USDA's list, the information provided by USDA, and the Counties will then prepare their own list and their view of the ownership status of public roads, rights-of-way, and easements. The Counties will also include a request for acknowledgment by USDA of specific public roads, easements, and rights-of-way (hereinafter referred to as a "candidate public road, easement, or right-of-way"). This request will include the factual basis for the claim and any supporting documentation upon which the Counties rely. The Counties may provide whatever documentation they deem relevant to USDA's determination of whether to acknowledge a candidate public road, easement or right-of-way.

c. For each candidate public road, easement, or right-of-way, USDA will determine whether to grant the Counties' request for acknowledgment. If USDA concludes that acknowledgment is appropriate, it will provide the Counties and the State with its written

determination and will endorse with a letter of support the County's application for a recordable disclaimer of interest pursuant to 43 U.S.C. 1745 (43 C.F.R. Subpart 1864) so long as the application is consistent with USDA's acknowledgment.

7. The road reconciliation process will be guided by the following principles, which are established for purposes of settlement only and do not necessarily reflect the legal position of any party in future litigation other than to enforce the terms of this agreement:

a. For those lands reacquired by the United States, USDA will determine whether the candidate public road, easement, or right-of-way existed at the time of acquisition (*e.g.*, was used as a public highway for vehicular travel) and review the acquisition documents to determine whether the United States reacquired the lands subject to the candidate public road, easement, or right-of-way. USDA will consider all relevant documents provided by the Counties to determine the existence of a candidate public road, easement, or right-of-way at the time of acquisition. In situations where the land was reacquired from private parties by deed, USDA will acknowledge a candidate public road, easement, or right-of-way that existed at the time of acquisition and has not been subsequently extinguished or abandoned, regardless of whether the deed specifically conveys the land subject to the public road, easement, or right-of-way. In situations where the land was reacquired from a County and the deed or condemnation judgment expressly conveys the land free from encumbrances, USDA will not acknowledge a candidate public road, easement or right-of-way.

b. With respect to "section line" rights-of-way on lands reacquired by the United States, USDA will acknowledge those section line rights-of-way that were acknowledged or reserved in the deed or condemnation judgment and have not been subsequently abandoned or extinguished through operation of state law or other subsequent acquisition or condemnation. If the deed or condemnation judgment does not specifically reference section lines but conveys the property subject to existing public roads, easements, or rights-of-way, USDA will acknowledge a

section line right-of-way if state law would have burdened the private property with the right-of-way at the time of acquisition and there has been no subsequent action abandoning or extinguishing the right-of-way. In situations where the deed or condemnation judgment is silent concerning encumbrances or expressly conveys the land free from encumbrances, USDA will not acknowledge a section line right-of-way pursuant to this agreement.

c.  Where USDA acknowledges a public road, easement, or right-of-way, but there are tracts or areas along the course of the public road, easement, or right-of-way where the evidence of its establishment or ownership is lacking, USDA will consider whether it is appropriate to grant an easement or right-of-way on these intervening tracts in an effort to avoid "checkerboard" roads that lack logical end points.

d.  In making the determinations set out above, USDA will utilize applicable federal and North Dakota law, including North Dakota Century Code 24-01-01.1(22), to determine the existence, ownership, and scope of any public road, easement, or right-of-way and to determine whether such interest was abandoned or extinguished after reacquisition of the servient estate by the United States.

8.  Following any disclaimer of interest process taken pursuant to paragraph 6c., USDA will modify its land status records to reflect the outcome of such process. USDA will also notify the Bureau of Land Management of all record corrections. For roads recognized under the disclaimer of interest process, USDA will coordinate and cooperate with the Counties to modify local land records accordingly.

9.  Nothing in this agreement shall prevent any one of the Counties or the State of North Dakota from filing a Quiet Title Action on any public road, easement or right-of-way, including section line rights-of-way, or prevents USDA from asserting any defenses to such an action. Nor shall this agreement prevent the Counties or the State from filing a lawsuit, not otherwise barred by paragraph 13 of this agreement, challenging final agency actions, or prevent

the United States from asserting any defenses to such lawsuit.

10. This Agreement and Stipulation shall be made a part of this joint motion for an order approving the settlement and for dismissal of the present action. Notwithstanding the Court's dismissal of the action, the settling Parties hereby stipulate that the U.S. District Court retains jurisdiction to enforce the terms of this Agreement. The settling Parties understand and stipulate, however, that the determinations made by USDA in deciding whether to acknowledge a candidate public road, easement or right-of-way cannot be challenged under this agreement; rather, any challenge to ownership interests asserted by the United States must be asserted in a separate action under the terms of the Quiet Title Act. Nothing in this agreement waives any rights or defenses that may be asserted by the settling Parties in any such subsequent action.

11. The parties will make every effort to resolve disagreements regarding the interpretation and implementation of the road reconciliation process in an informal manner, such as nonbinding mediation. Specifically, the parties agree to provide a minimum of 30 days written notice of any such disagreements to opposing counsel prior to seeking relief from a court. If any provision of this Agreement is held invalid, such invalidity shall not affect other provisions or applications of this Agreement, which can be given effect without the invalid application or provision, and to this end each provision of this Agreement and any amendment thereto, is severable.

12. This agreement is the result of compromise and settlement and shall not constitute an admission by either the plaintiffs or the United States as to any fact, claim, or defense in this lawsuit. It also does not resolve all issues separating the parties. For example, this agreement does not resolve the following issues: (i) whether the North Dakota section line right-of-way law applied to public domain lands, which had not left federal title; or (ii) whether judgments in condemnation against the Counties that did not reserve public roads, easements or rights-of-way vacated any right-of-way established by North Dakota law and conveyed any public roads and

easements on the condemned tracts of land; or (iii) whether private landowners could have conveyed rights to section lines when selling private land to the United States in a deed that conveyed the land free of all encumbrances. The foregoing list of issues is by way of example and is not exhaustive. The settling parties agree not to cite to or refer to this agreement as legal precedent in any other litigation or administrative proceeding except as necessary to enforce the terms of this agreement. This settlement contains all of the agreements between the settling parties, and is intended to be and is the final and sole agreement between the settling parties concerning the complete and final resolution of the Counties' and State's claims that are dismissed with prejudice pursuant to paragraph 13. The settling parties agree that any other prior or contemporaneous representations or understandings not explicitly contained in this agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this agreement must be in writing, signed and executed by the settling parties.

13. To the extent that they challenge the Roadless Rule, all three claims for relief set forth in the Counties' First Amended and Supplemental Complaint and all five counts in the State's Complaint are dismissed without prejudice. To the extent that they challenge the OHV Decision, and the Forest Development Transportation System final rule, the claims and counts set forth in the Counties' First Amended and Supplemental Complaint and the State's Complaint, respectively, are dismissed with prejudice. Each party shall bear its own costs and fees.

14. Nothing in this agreement shall be interpreted as, or shall constitute, a commitment or requirement that USDA obligate or pay funds, or take any other action, in contravention of the Anti-Deficiency Act, 41 U.S.C. § 1341, or any other applicable appropriations law. Nothing in this agreement shall be interpreted as or constitute a commitment that USDA take actions in contravention of the Administrative Procedure Act or any other law or regulation, either substantive or procedural.

DATED this 11th day of August, 2006.

DAVID PETERSON
Acting United States Attorney
CAMERON HAYDEN
Assistant United States Attorney
District of North Dakota
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420

SUE ELLEN WOOLDRIDGE
Assistant Attorney General

ANDREA L. BERLOWE
BARCLAY T. SAMFORD
Attorneys
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 4390
Washington, D.C. 20044-4390
(202) 305-0478

Attorneys for Defendants

WAYNE STENEHJEM
Attorney General

CHARLES M. CARVELL (by AtS)
Assistant Attorney General
Office of Attorney General
500 North 9th Street
Bismarck, ND 58501-4509

Attorneys for the State of North Dakota

Constance E. Brooks (by AtS)
Constance E. Brooks, Esq.
Michael B. Marinovich, Esq.
C.E. BROOKS & ASSOCIATES, P.C.
999 18th Street, Suite 1605
Denver, CO 80202

Dennis E. Johnson (by AtS)
Dennis E. Johnson, Esq.
JOHNSON & SUNDEEN, LTD.
P.O. Box 1260
Watford City, ND 58854

Attorneys for Billings County, *et al.*